**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

THOMAS JONES,

Plaintiff,

v. Case No. 5:17-00146-JSM-PRL

RURAL METRO CORPORATION &
CREDENCE RESOURCE MANAGEMENT, LLC,

Defendants.
_____________________________________________/

**DEFENDANT, CREDENCE RESOURCE MANAGEMENT, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Credence Resource Management, LLC (Credence), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Thomas Jones (plaintiff), and states:

1. Credence admits plaintiff purports to bring this action for damages between $2,000 and $5,000, but denies any violation, liability or wrongdoing under the law. Except as specifically admitted, Credence denies the allegations in ¶ 1.

2. Credence admits plaintiff purports to bring this action for alleged violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, but denies any violations, liability and wrongdoing under the law. Except as specifically admitted, Credence denies the allegations in ¶ 2.

3. Upon information and belief, Credence admits this Court has jurisdiction and venue is proper. Except as specifically admitted, Credence denies the allegations in ¶ 3.

4. Upon information and belief, Credence admits the allegations in ¶ 4.

5. Credence denies the allegations in ¶ 5.

6. Credence denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. Credence denies the allegations in ¶ 7.

**PARTIES**

8. Credence denies the allegations in ¶ 8 as calling for a legal conclusion.

9. Credence denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

10. Credence admits that part of its business is the collection of debts. Except as specifically admitted, Credence denies the allegations in ¶ 10.

**FACTUAL ALLEGATIONS**

11. Credence denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. Credence denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

13. Exhibit A speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 13 state otherwise, denied.

14. Credence denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15. Exhibit B speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 15 state otherwise, denied.

16. Exhibit C speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 16 state otherwise, denied.

17. Exhibit D speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 17 state otherwise, denied.

18. Credence denies the allegations in ¶ 18.

19. Credence denies the allegations in ¶ 19.

**COUNT I - RURAL**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**FLORIDA STATUTES § 559.55, *et seq.***

20. Credence incorporates the foregoing as if fully stated herein.

21. The allegations in ¶ 21 are not directed to Credence. To the extent a response is required, Credence denies the allegations in ¶ 21.

22. The allegations in ¶ 22 are not directed to Credence. To the extent a response is required, Credence denies the allegations in ¶ 22.

23. The allegations in ¶ 23 are not directed to Credence. To the extent a response is required, Credence denies the allegations in ¶ 23.

**COUNT II - CREDENCE**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**FLORIDA STATUTES § 559.55, *et seq.***

24. Credence incorporates the foregoing as if fully stated herein.

25. Credence denies the allegations in ¶ 25, including subpart (b).

26. Credence denies the allegations in ¶ 26.

27. Credence denies the allegations in ¶ 27.

**COUNT III - CREDENCE**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et seq.***

28. Credence incorporates the foregoing as if fully stated herein.

29. Credence denies the allegations in ¶ 29.

30. Credence denies the allegations in ¶ 30.

**CREDENCE'S AFFIRMATIVE DEFENSES**

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. Credence denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of Credence's purported violations.

3. One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

4. Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Credence and were beyond the control or supervision of Credence or for whom Credence was and is not responsible or liable.

6. Plaintiff has failed to state a claim against Credence upon which relief may be granted.

WHEREFORE, Defendant, Credence Resource Management, LLC, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated: April 14, 2017

Respectfully Submitted,

/s/ Jocelyn C. Smith
Jocelyn C. Smith, Esq.
Florida Bar No. 0036554
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 440-5328
Facsimile: (866) 466-3140
jsmith@sessions.legal
dvanhoose@sessions.legal

*Attorneys for Defendant,*
*Credence Resource Management, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April 2017, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including:

Jon P. Dubbeld, Esq.
Berkowitz & Myer
4900 Central Avenue
St. Petersburg, Florida 33707
Jon@berkmyer.com

/s/ Jocelyn C. Smith
Attorney